### CHARLES FLECKHAM *v.* SAMUEL BLACK.

[Kentucky Law Reporter, Vol. 1—164.]

Purchase of Store by Married Woman.

The creditors of a husband are not injured by the wife's purchasing a store with money that cannot be subjected to the payment of the husband's debts. A married woman may invest the proceeds of the homestead for her separate use with the consent of the husband, and with an action then pending enabling her to trade as a feme sole.

APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

June 16, 1880.

OPINION BY JUDGE PRYOR:

If the notice for judgment on the bond was defective, the sub-
sequent proceedings of the appellant cure any defect that existed.
The execution levied on the property is conceded, and the only ques-
tion raised by the plea to the merits is that the property was owned
by the appellant, and not by the execution debtor.  The execution of
the claimant's bond prevented the sale, and whether given before or
after the return of the execution is immaterial.  The levy was cer-
tainly made, and appellant asserted his claim of ownership; that
question was tried and decided adversely to him.  The testimony, we
think, shows a sale of the goods to the wife of the debtor.  The
parties were placed in the possession.  No account was kept after
the appellant surrendered the possession, indicating that he was the
owner; but, on the contrary, the purchaser from him sold the goods,
received the money, and even replenished the stock, all on the idea
that Mrs. Kesel was the owner of the property.  Conceding, how-
ever, that Mrs. Kesel was the owner, and this is a fact that cannot
be questioned, the proof further shows that the goods were to be
held liable for the purchase money, and that the appellant was hold-
ing the possession in conjunction with the wife of the debtor to
satisfy the lien.  That such was the agreement of the parties is clear-
ly established, but it is maintained that such an agreement cannot
affect the rights of the creditors.

It certainly could not if Kesel were the purchaser, but in this case
the wife was the purchaser, and with means that the creditor could
not have subjected to the payment of his debt.  This money the wife
was entitled to, at least, by the agreement made with the husband,
and a suit was then pending to enable her to act as a feme sole, and
when determined, this money that belonged to the wife, and which
could not have been subjected by the creditor, was to be paid over to
the appellant.

After the judgment was obtained authorizing the wife to act as
a feme sole, the money, or part of it, was paid over to appellant,
leaving a balance due him.  Such a sale to the wife never vested the
husband with title, and particularly when the vendor was in the
occupancy, or had the possession jointly with the wife until his
money was paid.  In what manner is the creditor injured when a

purchase is made by the wife with money that cannot be subjected to the payment of this debt, and for enabling her to hold it as a feme sole? Facts may exist evidencing fraud, but here the proceeds of the homestead were invested by the wife for her separate use, with the consent of the husband, and with an action then pending enabling her to trade as a feme sole.

The vendor of the wife held the goods by continuance with her as a partner until his debt was paid. If so, her goods cannot be taken until his debt is satisfied, or the appellees must pay him the balance due. The wife is not complaining. The judgment as to appellant is *reversed* and cause is remanded for further proceedings. This case should go to equity if the lien of appellant is not conceded.

*Harrison & McGraw, for appellant.*
*Jas. P. Burton, Kohn & Barker, for appellee.*